Stephen R. Harris, Esq.
Nevada Bar No. 001463
**HARRIS LAW PRACTICE**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
Telephone: (775) 786-7600
Telecopier: (775) 786-7764
steve@harrislawreno.com

Attorney for Trustee
W. Donald Gieseke

E-Filed 3/11/14

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

IN RE:

SPOT HOLDINGS, INC.

    Debtor.

_____/

CASE NO.   BK-N-13-51731-BTB
CHAPTER   7

**TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

**Hearing Date: March 25, 2014
Hearing Time: 10:00 a.m.**

    W. Donald Gieske, chapter 7 Trustee ("Trustee") for the estate of Spot Holdings, Inc. ("Spot"), by and through his attorney STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC, hereby opposes the Motion for Relief from Automatic Stay (DE 15) ("Motion") filed by Timm Peddie ("Peddie"). This opposition is based upon the following discussion of facts and law.

### FACTS

    1. Spot filed its chapter 7 petition on August 29, 2013.

    2. In response to Question 4 on the Statement of Financial Affairs, Spot disclosed the pendency of litigation in the Second Judicial District Court, Washoe County, Nevada, filed by Peddie on July 2, 2013, against Spot Devices, Inc., Haws Corporation, Spot Investments, LLC and John Pettibone, case no. CV13-01446 ("Complaint"). A file-stamped copy of the Complaint is attached to the Declaration of Adam McMillen filed in support of the instant Motion. **DE 16-2.**

3. The Debtor, Spot Holdings, Inc. was formerly doing business as Spot Devices, Inc.

3. The Complaint includes the following claims for relief:

    a.    First (Breach of Fiduciary Duty)

    b.    Second (Constructive Fraud)

    c.    Third (Declaratory Judgment)

    d.    Fourth (Aiding and Abetting the Breach of Fiduciary Duty)

    e.    Fifth (Interference with Prospective Economic Advantage)

    f.    Sixth (Unjust Enrichment)

    g.    Seventh (Permanent Injunction)

4. The Trustee contends that all, or substantially all, of these claims belong to the Spot chapter 7 estate and can, and should, be pursued for the benefit of all estate creditors.

## DISCUSSION

Although the Complaint does not include a stand-alone claim to establish others as the alter ego of Spot, there are allegations of alter ego conduct against defendants Pettibone and Haws Corporation. Complaint, page 3, ¶ 9, page 7, ¶ 29. These claims, if successfully prosecuted, would potentially result in a recovery for the benefit of all Spot creditors, not just for the benefit of Peddie.

In 2010, the Ninth Circuit issued its decision in the case of *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248 (9th Cir. 2010). Although the *Ahcom* decision turned upon an application of California law, the main principles are instructive here.

> A Chapter 11 bankruptcy trustee has a special role. The trustee "stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy." *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005) (internal quotation marks omitted); 11 U.S.C. §§ 704(1), 541(a)(1). However, the trustee's power is limited. The trustee may assert only claims belonging to the debtor corporation and "has no standing generally to sue third parties on behalf of the estate's creditors." *Smith*, 421 F.3d at 1002 (internal quotation marks omitted).

///

///

Harris Law Practice LLC
6151 Lakeside Dr., Ste. 2100
Reno, Nevada 89511
(775) 786-7600

>   When the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim. *Estate of Spirtos v. One San Bernardino Cnty. Superior Court Case*, 443 F.3d 1172, 1176 (9th Cir. 2006).

623 F.3d at 1250. At a minimum, the First, Second, Fourth, Fifth and Sixth claims can be asserted by the Trustee for the benefit of all creditors, not just for the benefit of Peddie.

The First claim for relief in the Complaint is for breach of fiduciary duty and alleges that the Spot Board of Directors breached its duties "to <u>Spot and its shareholders</u>". Complaint, page 7, ¶ 29. "The Defendants were further charged with duty of loyalty, to act in the best interest of Spot, to avoid self-interested transactions in which the Defendants' interests would be placed above the interests of <u>Spot and its shareholders</u> ....." . Complaint, page 7 ¶ 30.

The Second claim for relief in the Complaint is for constructive fraud and alleges that "Defendants used their position of trust and confidence to seize opportunities to personally benefit themselves in a pecuniary fashion, at the expense of the <u>corporation and common shareholders</u> such as Mr. Peddie." Complaint, page 10, ¶ 41.

The Fourth claim for relief is for aiding and abetting the breach of fiduciary duty and alleges that there was a transfer of assets of Spot to Carmannah and Cirrus. Due to the primacy of creditor interest over shareholder interests, if such transfers occurred, they were to the detriment of Spot creditors as well as Spot shareholders. Complaint, pages 13-14, ¶ 58.

The Fifth claim for relief is for interference with prospective economic advantage and alleges that "Defendants were aware of these prospective economic relationships and acted for the benefit of Haws and the Haws related entities with the intent to harm <u>Spot and its shareholders</u>." Complaint, page 14, ¶ 64.

Finally, the Sixth claim for relief is for unjust enrichment and alleges that "Defendants have received and they retain, money and property of Spot and Mr. Peddie which in good conscience should be returned." Complaint, page 15, ¶ 70.

///

///

///

Harris Law Practice LLC
6151 Lakeside Dr., Ste. 2100
Reno, Nevada 89511
(775) 786-7600

## CONCLUSION

Based upon the foregoing, the Trustee contends that the First, Second, Fourth, Fifth and Sixth claims are property of the estate and may only be prosecuted by him for the benefit of all creditors of the estate.

Dated this 11th day of March, 2014.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC

/s/ Stephen R. Harris
_____
Attorneys for Trustee

Harris Law Practice LLC
6151 Lakeside Dr., Ste. 2100
Reno, Nevada 89511
(775) 786-7600

-4-

# CERTIFICATE OF SERVICE

I certify that I am an employee of Hartman & Hartman, and that on March 11, 2014, I caused to be served the foregoing document(s):

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

I caused to be served the above-named document(s) by the following means to the persons as listed below:

✔    a.    ECF System, to

W. DONALD GIESEKE
wdg@renotrustee.com, dgieseke@ecf.epiqsystems.com

STEPHEN R HARRIS on behalf of Trustee W. DONALD GIESEKE
noticesbh&p@harrislawreno.com;hannah@harrislawreno.com;
reception@harrislawreno.com;helena@harrislawreno.com;
norma@harrislawreno.com;ellie@harrislawreno.com

JEFFREY L HARTMAN on behalf of Debtor SPOT HOLDINGS, INC.
notices@bankruptcyreno.com, sji@bankruptcyreno.com

U.S. TRUSTEE - RN - 7
USTPRegion17.RE.ECF@usdoj.gov

✔    b.    US Mail, postage fully prepaid, addressed to

TIMM PEDDIE
c/o Watson Rounds
5371 Kietzke Lane
Reno, NV 89511

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 11, 2014.

/S/ Norma Guariglia
Norma Guariglia