ADAM P. MCMILLEN, ESQ.
Nevada Bar No.: 10678
WATSON ROUNDS,
A Professional Corporation
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Attorneys for TIMM PEDDIE

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

In re:

SPOT HOLDINGS, INC.,

    Debtor.

Case No. BK-13-51731-BTB

(Chapter 7)

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

**Hearing Date:   March 25, 2014**
**Hearing Time:   10:00 a.m.**

    The Trustee's opposition is no opposition at all.  It fails to address the motion to lift the stay in form or substance.  Instead of addressing the motion to lift the stay, the Trustee goes in a completely different direction and argues that Timm Peddie's claims belong to the estate for the benefit of all creditors.  Such a position is only favorable to Haws, and no other creditor.  Also, Mr. Peddie's claims are uniquely his and his alone.  His claims do not belong to the estate.  Thus, the trustee's position is not supported by the facts or the law.  Therefore, the Motion to Lift the Stay should be granted.

    The Trustee cites *Ahcom, Ltd. V. Smeding*, 623 F.3d 1248 (2010) to support its position that "all, **or substantially** all" of Mr. Peddie's claims belong to the estate and should be pursued on behalf of all creditors.  *See* Doc. #21, Opposition at 2:10-11 (emphasis added).  However, *Ahcom* does not support the Trustee's position in this case.

-1-

*Ahcom* teaches that "a trustee 'is not an appropriate general representative of creditors.'" 623 F.3d at 1252 (citation omitted). *Ahcom* also noted that "a trustee 'cannot maintain an action against defendants on an alter ego theory *absent some allegation of injury to the corporation giving rise to a right of action in it against defendants,*' **without which 'the asserted cause of action belongs to each creditor individually, and [the trustee] is not the real party in interest**.'" *Id.* at 1251 (citation omitted) (some emphasis added).

*Ahcom* also teaches that there are rights of action that are properly brought by the trustee, like fraudulent conveyance, conversion, and theft related actions, and then there are rights of action that are not brought by the trustee. *Id.* at 1251 ("*Stodd* was attempting to distinguish established 'right[s] of action' that are properly brought by the trustee (fraudulent conveyance, conversion, and theft, to take the examples from the list above) from those that are not. Under *Stodd,* the trustee can sue for the former but not for the latter.") (citations omitted).

In this case, the Trustee is attempting to become the general representative of all creditors with respect to Mr. Peddie's specific claims. However, Mr. Peddie's claims belong to him individually and the Trustee is not the real party in interest.

Mr. Peddie's claims and injuries are uniquely his and his alone. He was the founder of Spot Devices, Inc., which is now Spot Holdings, Inc. ("Spot"). Eventually, Haws became a major investor and majority board member of Spot. Haws literally moved Spot into the Haws facility on Kleppe Lane when it began its investment in Spot. Haws then played a major role in the vision, planning, design, engineering, shipping and other aspects of Spot's business, taking over control of Spot. John Pettibone has testified that Haws performs the finance function of Spot. Haws also prepared and set up the Spot board meetings and decisions by preparing financial statements, budgets, board meeting agendas and communications prior to and after the board meetings. Suffice it to say that Spot was and is the alter ego of Haws.

Haws used Spot to its own advantage and wiped out the value of Mr. Peddie's common stock in Spot during an improper and illegal revaluation of Spot. As stated in the Motion, in 2011, Haws/Spot used a "third-party" to improperly value Spot, which alleged valuation was based upon an asset valuation of $1MM, and Haws/Spot never shared the details of the valuation with the Spot board and failed to respond to multiple board requests for a more suitable valuation based upon cash flows (VC method or FCF methodologies). Based upon valuations using Harvard case-study processes for valuation (NPV, APV, VC) and based upon Spot's 2010 financials and proforma (showing $6.5MM revenue planned for 2011, and $9.4MM for 2012), Spot should have been valued at closer to $25MM. Haws directly controlled and wrongfully manipulated the revaluation of Spot in order to protect its own interests while at the same time sacrificing the interests of Mr. Peddie. Haws manipulated the 2011 board vote for revaluation by stating that they were going to fire Thomas Burnham and Chris Peddie, Spot officers, if they did not support the $1MM valuation and subsequent debt-equity conversion of Haws' $6.7MM debt. Haws' involvement in Spot's affairs was sullied by conflicts of interest as well. For example, John Pettibone, Haws' CFO, participated in all the Spot board meetings and actively managed Spot's financial behavior on a day to day basis with a focus on Haws' best interests, not Spots or its shareholders' best interests.

The effect of the improper and illegal revaluation was unique to the value of Mr. Peddie's stock holdings, which the other common and preferred shareholders did not suffer in like manner. This is a fact the Trustee fails to address.

The Trustee also fails to address who the creditors are that would benefit from the position the Trustee is now taking. This issue alone demonstrates the Trustee's opposition lacks merit as it is a very important aspect of the opposition that is not addressed by the Trustee. Ultimately, the only "creditor" who will benefit from the Trustee's opposition is Haws. Since Haws is the only creditor that would benefit from the Trustee's position, the Trustee's position

completely militates against the Trustee's stated basis for the opposition which is that he is seeking to benefit all of the creditors. *See* Doc. #21, Opposition at 2:16-18.

Also, the Trustee has explicitly told the undersigned that the plan is to sell Mr. Peddie's claim to Haws for $50,000, which is well below the value of the claim. *See* Mr. Peddie's Proof of Claim, filed with the Register of Claims as claim number 3, which states a conservative value for the claim as being $2,019,291.78. Also, the $50,000 the Trustee is talking about is the same amount Haws originally offered to Mr. Peddie before Mr. Peddie filed the state court action. Haws' counsel, Robert Smith, who was acting as counsel for Haws and Spot at the time, specifically told the undersigned that if Mr. Peddie did not accept the $50,000 settlement offer, that they would just "BK" Spot. This is exactly what happened. And now the Trustee, whether knowingly or not, is taking a position that would only assist Haws by attempting to convert Mr. Peddie's claim and then sell it to Haws so Haws can walk away without any liability for what it has done to Mr. Peddie. This much is obvious. It would be a manifest injustice and completely contrary to the law to follow this path.

As the motion to lift states, there would be no detriment to Spot's bankruptcy estate by lifting the stay. Even if we were to assume the Trustee were correct in his arguments, which he is not, the liquidation of Mr. Peddie's claims in the state court action would not have any detrimental effect on the estate or the creditors. Moreover, Mr. Peddie's efforts in liquidating the claim would save the estate money because the trustee would not have to litigate Mr. Peddie's claim, which in good faith should be done and is a point that favors lifting of the stay.

In addition, as related above, the Trustee apparently does not have any intention of really pursuing the claims that Mr. Peddie holds. If it were up to the Trustee, the Trustee would immediately sell Mr. Peddie's claims to Haws for $50,000.

Selling Mr. Peddie's claims to Haws for $50,000 would only benefit Haws and no other creditor or shareholder. Again, this is an issue the Trustee fails to address and the reason is

-4-

obvious. It completely cuts against the basis for the Trustee's opposition. Therefore, the opposition is without merit and the motion to lift the stay should be granted for all the reasons stated therein.

### CONCLUSION

The only creditor that will benefit from the automatic stay remaining in place is Haws. The only creditor that will benefit from an improper designation of Mr. Peddie's claim as being owned or held by the estate would be Haws. Moreover, Mr. Peddie's claims are uniquely his. The actions taken by Haws had a unique effect on Mr. Peddie and Mr. Peddie alone. His claims do not belong to the estate.

If any claims belong to the estate, they are for improper transfers of intellectual property and other items that if pursued would benefit all Spot creditors and shareholders, including Mr. Peddie. It is those items that the Trustee should be pursuing for the benefit of all creditors. The Trustee should be working to benefit the creditors. However, its opposition would have the opposite effect with regards to Mr. Peddie's specific claims, which is contrary to the purpose of this matter and the state court action and the law.

Good cause exists to grant Mr. Peddie relief from the automatic stay to continue the Nevada state court action and to liquidate his claim for damages. Neither Spot nor the Trustee has demonstrated why relief from the stay should not be granted. Therefore, Mr. Peddie requests entry of an order, pursuant to section 362(d)(1), Bankruptcy Rule 4001 and Local Rule 4001(a) granting: (i) relief from the automatic stay to allow the Nevada state court action to proceed; and (ii) such other relief as is just and proper.

Dated: This 18th day of March, 2014.    WATSON ROUNDS, PC

/s/ Adam P. McMillen
Adam P. McMillen, Esq.
Nevada Bar No. 10678
5371 Kietzke Lane
Reno, Nevada 89511
*Attorneys for Timm Peddie*

-5-

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)*,* I certify that I am an employee of WATSON ROUNDS, P.C., and on this 18th day of March, 2014, I served the document entitled **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** on the parties listed below via the following:

| | |
|---|---|
| Jeffrey L. Hartman, Esquire<br>Hartman & Hartman<br>510 West Plumb Lane, Suite B<br>Reno, NV  89509<br>*Attorney for Debtor* | W. Donald Gieseke<br>18124 Wedge Parkway, Suite 518<br>Reno, NV  89511<br>*Bankruptcy Trustee* |
| Stephen R. Harris, Esquire<br>Harris Law<br>6151 Lakeside Drive<br>Reno, NV   89511<br>*Attorney for Bankruptcy Trustee* | |
| J. Robert Smith, Esquire<br>Tamara Reid, Esquire<br>Holland & Hart LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, NV  89511<br>Email:  jrsmith@hollandhart.com<br>         treid@hollandhart.com<br>Fax:  (775) 786-6179<br>Attorneys for HAWS CORPORATION and JOHN PETTIBONE | Robert A. Dotson, Esquire<br>Angela M. Bader, Esquire<br>Laxalt & Nomura, Ltd.<br>9600 Gateway Drive<br>Reno, NV  89521<br>Telephone:  (775) 322-1170<br>Fax:            (775) 322-1865<br>Email:  rdotson@laxalt-nomura.com<br>         abader@laxalt-nomura.com<br>Attorneys for SPOT DEVICES, INC. and SPOT INVESTMENTS, LLC |

☒ **VIA FIRST CLASS U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Reno, Nevada for delivery to the foregoing.

☐ **VIA ELECTRONIC SERVICE:** by electronically filing the document with the Clerk of the Court using the ECF system which served the foregoing parties electronically.

/s/ *Nancy R. Lindsley*
Employee of Watson Rounds, P.C.