LAW OFFICES OF AMY N. TIRRE,
A Professional Corporation
AMY N. TIRRE, ESQ. #6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
Telephone: (775) 828-0909
Facsimile: (775) 828-0914
E-mail: amy@amytirrelaw.com

E-Filed: May 19, 2014

Counsel for RRFB Global, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SPOT HOLDINGS, INC.<br>f/d/b/a SPOT DEVICES, INC.,<br><br>Debtor. | Case No. BK-N-13-51731-BTB<br><br>Chapter 7<br><br>**OPPOSITION TO OBJECTION BY TRUSTEE TO PROOF OF CLAIM OF RRFB GLOBAL, INC.**<br><br>Hearing Date: May 20, 2014<br>Hearing Time: 2:00 p.m.<br>Est. Hearing: 5 minutes<br>Set By: Calendar Clerk |

RRFB Global Inc. ("RRFB Global") hereby files its Opposition to the Objection by Trustee to Proof of Claim of RRFB Global, Inc., filed as Docket No. 33 on April 14, 2014 ("Objection") on the grounds that the Objection should not be sustained because: (1) RRFB Global timely filed its proof of claim based upon damages arising from patent infringement by Debtor Spot Holdings, Inc. fdba Spot Devices, Inc. ("Debtor") and satisfied the requirements of Rule 3001; (2) the Trustee has failed to rebut the presumption of prima facie validity of RRFB Global's claim with any evidence; (3) an evidentiary hearing is required; and (4) RRFB Global needs information and evidence within Debtor's and/or the Chapter 7 Trustee's control in order to precisely calculate its damage claim so the Trustee should be estopped from asserting that the claim amount is overstated. This Opposition is based upon the following points and authorities, RRFB's proof of claim timely filed on the claim register on December 26, 2013 as Claim #6, the concurrently-filed declarations of Joel B. Rothman,

1

Esq. ("Rothman Declaration') and Richard D. Jones ("Jones Declaration") and the arguments of counsel at a hearing on this matter.

## POINTS AND AUTHORITIES

1. On August 29, 2013, Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code.

2. The proof of claim bar date was December 26, 2013.

3. On December 26, 2013, RRFB Global timely filed its proof of claim in the amount of $3,658,131 based upon its calculation of lost profits for Debtor's infringement of RRFB Global's patent.

4. As set forth in the Jones Declaration, on or about July 17, 2013 prior to the commencement of this bankruptcy case, RRFB Global filed a lawsuit against Debtor for patent infringement: *R.D. Jones, Stop Experts, Inc. and RRFB Global, Inc. v. Carmanah Technologies Corp., Carmanah Technologies (US) Corp., and Spot Devices, Inc.,* Case No. 9:13-cv-80695, pending in the Southern District of Florida (the "Patent Case"). At issue in the Patent Case is Debtor's infringement of RRFB's US Patent No. 8,269,654, which relates to a device known as a Rectangular Rapid Flashing Beacon ("RRFB").

5. According to Mr. Jones, it has always been RRFB Global's intention to pursue its claim in this bankruptcy case.

6. RRFB Global's proof of claim was prepared and submitted by RRFB Global's prior counsel in the Patent Case, David Newman, Esq. of the firm of Arnstein & Lehr, LLP, who was RRFB Global's authorized agent at that time. As of February 2014, Arnstein & Lehr, LLP filed a motion to withdraw as counsel in the Patent Case. RRFB Global has new counsel, Schneider Rothman Intellectual Property Law Group PLLC ("Schneider Rothman"). Joel B. Rothman, Esq. is now counsel to RRFB Global.

2

**LAW OFFICES OF AMY N. TIRRE**
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

7.      Under Rule 3001 of the Federal Rules of Bankruptcy Procedure, an unsecured claim must meet the following criteria: it must (i) be in writing; (ii) substantially conform to Official Form 10; and (iii) be executed by the creditor or the creditor's authorized agent. An additional fourth requirement applies only if the claim is based on a writing, in which case the original or duplicate of the writing must be filed with the proof of claim.

8.      RRFB Global's proof of claim, which is attached as Exhibit A to the Objection, provides a calculation of the amount of $3,658,131 along with a copy of the Complaint filed in the Patent Case. It is in writing, it is on Official Form 10, it is executed by RRFB Global's authorized agent. It therefore satisfies the requirements of Rule 3001 of the Federal Rules of Bankruptcy Procedure.

9.      The Bankruptcy Rules create a presumption of validity for a proof of claim that complies with Bankruptcy Rule 3001. If a proof of claim enjoys this evidentiary presumption, the objecting party has the burden of coming forward with evidence to support its objection and rebut the proof of claim. *Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.)*, 295 B.R. 140, 145 (10th Cir. BAP 2003). An objection to a properly filed proof of claim must be in writing, filed, and served. Fed. R. Bank. P. 3007. To negate the presumption of Bankruptcy Rule 3001, the objecting party must mirror the criteria set forth in Bankruptcy Rule 3001. Just as a creditor must file with the court a written statement asserting a right to payment as defined in 11 U.S.C. §101(5), must execute the claim by a creditor or its authorized agent, and must attach appropriate documentation if the claim is based on a writing, a party objecting to a *prima facie* valid claim must fulfill similar requirements and come forward with probative evidence of equal force before the Bankruptcy Rule 3001(f) presumption is negated.

10.     To negate the *prima facie* validity of a claim, an objection must: (1) assert in a writing filed with the Court that there is some reason the claimant does not have a right to payment; (2) sign

the objection; (3) if appropriate, assert that the claim is in fact based on a writing and that the documentation attached to the claim is insufficient; and (4) come forward with some legal reason or some factual evidence to defeat the claim. It is only then that the Bankruptcy Rule 3001(f) presumption can be rebutted.

11. The Trustee's Objection is based upon his allegation that the "unsecured claim is significantly overstated, in that the sales of the contested products were only a minor portion of the gross sales of the Debtor, assuming a patent infringement is proved by RRFB, although any purported patent infringement is denied by Debtor." Objection at 1:26-27. However, no declaration or other evidence is provided in support of the Trustee's Objection. Thus, the Objection does not rebut the presumption of prima facie validity of RRFB Global's claim.

12. According to Mr. Rothman, who is now counsel for RRFB Global, the calculation of the amount of the proof of claim is reasonable and accurate based upon the lost profits that RRFB Global has asserted against the Debtor in the Patent Case and the information provided in Debtor's Schedule of Financial Affairs ("SOFA").

13. According to Mr. Rothman's information, in 2012 and 2013, the Debtor's business was made up 100% of sales of RRFBs that infringed upon RRFB Global's patent. The proof of claim estimates damages based upon $1,160,288 for sales for the period from September 18, 2012, when RRFB Global's patent was issued, through December 31, 2012, which was pro-rated from the total gross product sales revenue for 2012 reported by Debtor SOFA #1. The proof of claim estimates damages for January 1, 2013 through August 29, 2013 based $872,008 for total gross product sales revenue as reported by the Debtor in SOFA #1.

14. The proof of claim arrives at the amount of $1,216,377 for RRFB Global's lost profit damages claim based upon the assumption that the Debtor's profits were 60% of its revenue. This is a very conservative estimate because, in general, the Debtor's products were of lower quality than

4

those sold by RRFB Global, and RRFB Global itself has a lower cost of goods than 60%. The claim is also properly based upon the Debtor's profits since RRFB Global would be entitled to lost profits as its damages under the Patent Act. The proof of claim properly trebles RRFB Global's damages claim pursuant to the Patent Act based upon the debtor's willful infringement.

15. In his Objection, the Trustee claims that "the sales of the contested products were only a minor portion of the gross sales of the Debtor" without any evidence or support. Objection at 1:26. Thus, there is a dispute regarding the percentage of Debtor's gross revenues that are attributable to the products it sold that infringed upon RRFB's patent. The information that RRFB Global needs to calculate its claim is within Debtor's and/or the Trustee's control. In order to determine the extent of RRFB Global's damages as a result of the Debtor's infringement, RRFB Global needs to obtain documents and records from the Debtor and/or the Chapter 7 Trustee showing the number of infringing products the Debtor sold, the costs of the Debtor's goods, and the profit earned by the Debtor.

16. RRFB Global should not be prejudiced by a denial of its claim because information exists within the opposing party's control, which has yet to be discovered and produced. RRFB Global is prepared to move forward quickly with Requests for Production to obtain the information that it needs to provide a very accurate calculation of its damage claim for lost profits. *See In re Rowell,* 412 B.R. 524 (Bankr. D. Minn. 2009) (holding that creditor could rely upon information contained in Debtor's schedules, which was uniquely within Debtor's control, when estimating its value).

17. Moreover, as detailed in the Rothman and Jones' Declarations, the change of RRFB Global's counsel from Arnstein & Lehr to Schneider Rothman impacted the timing of RRFB Global's response to the Objection. RRFB Global respectfully submits that it was excusable neglect under Fed. R. Bank. P. 9006(b)(1) and the time frame for its Opposition should be enlarged and the

5

Opposition should considered by the Court. Further, undersigned counsel was contacted on Friday, May 16, 2014 and she was retained today and is filing this Opposition today, Monday, May 19, 2014. It is being filed in time for the hearing on Tuesday, May 20, 2014 at 2 p.m.

18. Accordingly, RRFB Global respectfully requests that this Court DENY the Trustee's Objection. The Trustee has failed to rebut the presumption of prima facie validity with evidence in support of the Objection. Moreover, an evidentiary hearing is required. RRFB Global will engage in discovery to obtain the information it needs, including but not limited to, the Debtor's revenues attributable to the infringing product, the number of infringing products the Debtor sold, the costs of the Debtor's goods, and the profits earned by the Debtor, so that RRFB Global may support and/or amend its claim with additional evidence and this Court may conduct an evidentiary hearing.

DATED May 19, 2014.

LAW OFFICES OF AMY N. TIRRE
A Professional Corporation

/s/ Amy N. Tirre
AMY N. TIRRE, ESQ.

# CERTIFICATE OF SERVICE

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Law Offices of Amy N. Tirre, that I am over the age of 18 and not a party to the above-referenced case, and that on May 19, 2014 I filed and served the foregoing **OPPOSITION TO OBJECTION BY TRUSTEE TO PROOF OF CLAIM OF RRFB GLOBAL, INC.** as indicated:

__X__    **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

- W. DONALD GIESEKE   wdg@renotrustee.com, dgieseke@ecf.epiqsystems.com
- STEPHEN R HARRIS    noticesbh&p@harrislawreno.com; hannah@harrislawreno.com; reception@harrislawreno.com; helena@harrislawreno.com; norma@harrislawreno.com; ellie@harrislawreno.com
- JEFFREY L HARTMAN    notices@bankruptcyreno.com, sji@bankruptcyreno.com
- U.S. TRUSTEE - RN - 7    USTPRegion17.RE.ECF@usdoj.gov

_____    **BY HAND DELIVERY VIA COURIER**: by causing hand delivery of the Document listed above via Legal Express to the persons at the addresses set forth below.

_X__    **BY MAIL**: by placing the document listed above in a sealed envelope with Postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on 19 May 2014, with postage thereon fully prepaid in the ordinary course of business.

TIMM PEDDIE
c/o Watson Rounds
5371 Kietzke Lane
Reno, NV 89511

DATED May 19, 2014.

                    /s/ Genevieve DeLucchi
An Employee of Law Offices of Amy N. Tirre