ADAM P. MCMILLEN
Nevada Bar No.: 10678
The Law Offices of WATSON ROUNDS,
A Professional Corporation
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Attorney for TIMM PEDDIE

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SPOT HOLDINGS, INC., fdba SPOT DEVICES, INC.<br><br>Debtor. | Case No. BK-13-51731-BTB<br><br>(Chapter 7)<br><br>**OPPOSITION TO MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF ESTATE CLAIMS (HAWS CORPORATION, INC.)**<br><br>Hearing Date:   December 13, 2015<br>Hearing Time:   2:00 p.m. |

## OPPOSITION OF MOTION TO APPROVE COMPROMISE

Attorney Adam McMillen of Watson Rounds, on behalf of Timm Peddie, Creditor herein, hereby opposes the Motion to Approve Compromise for Haws Corporation concerning Timm Peddie's claims in the Second Judicial District Court of the State of Nevada.

In light of Judge Hardy's August 2014 order addressing motions to dismiss, it is not certain what claims the debtor owns. If the debtor does not own Mr. Peddie's, then Trustee cannot settle those claims on behalf of the estate. Unless and until this issue is resolved, the motion should be denied.

\\\

\\\

\\\

1

# ARGUMENT

## I. Trustee Has Burden Of Persuasion

The burden of persuading the court that the compromise should be approved is on the parties proposing the compromise. *In re Trism, Inc.*, 286 B.R. 744, 752 (Bankr. W.D. Mo. 2002). As a proponent of the proposed compromise, the trustee has the burden of persuading the court that the settlement is in the best interests of the estate and should be approved. *In re Tennol Energy Co.*, 127 B.R. 820.827-28 (Bankr. E.D. Tenn. 1991) *quoting In re Lawrence & Erausquin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990). The court should review the issues and determine whether the settlement falls below the lowest point in the range of reasonableness. *Id.*, *quoting In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). It is essential that every important determination in these proceedings receive the "informed, independent judgment" of the bankruptcy court. *National Surety Co. v. Coriell*, 289 U.S. 426, 436 (1933). The fact that courts do not ordinarily scrutinize the merits of compromises involved in suits between individual litigants cannot affect the duty of a bankruptcy court to determine that a proposed compromise is fair and equitable. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated. *Id.* Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *Id.* Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation. *Id.* at 424-25.

2

Trustee cannot demonstrate that the Haws compromise is fair and equitable, therefore, his motion to approve compromise must be denied.

**II.     Trustee's Motion To Approve Compromise Is Based Upon A False Premise**

The entire basis for Trustee's motion is that Judge Hardy issued an order in 2013 wherein he made findings that certain claims in the state court action were derivative in nature and belonged to the estate. Trustee inappropriately argues "[t]hat order was final and has not been appealed" and that "[t]he settlement described herein is designed to settle **all claims of a derivative nature**. This settlement is intended to be interpreted as broadly as legally possible **to extinguish any claim Mr. Peddie could bring that has any derivative characteristics**." *See* Motion at 2:19-24 (emphasis added). Trustee's analysis leaves out important facts and therefore misrepresents the character of Mr. Peddie's claims and the finality of Judge Hardy's orders.

First, with regards to Mr. Peddie's alter ego claims, Judge Hardy recently stated "Mr. Peddie's factual allegations show influence, unity of interest and ownership, and that fraud could result if the corporate fiction is upheld." *See* **Exhibit 1**, 2014-0804 Order Addressing Motions to Dismiss ("August 2014 order") at 8:6-7. In granting leave to amend the complaint, Judge Hardy stated it is not certain Mr. Peddie cannot plead additional facts to state **individual claims** based on breach of fiduciary duty. *Id.* at 8:8-11:16. In so doing, Judge Hardy concluded:

> Mr. Peddie **may *individually* bring claims for breach of fiduciary duty, constructive fraud, and aiding and abetting breach of fiduciary duty to seek relief for the wrongful dilution of his ownership interest in Spot**. However, the interference with prospective economic advantage and unjust enrichment claims do not appear to be based on equity dilution and seek to remedy harms incurred by Spot. Accordingly, these claims are dismissed as **derivative claims**.
> …
> Mr. Peddie may amend his first amended complaint to address a possible de facto merger. He may also allege additional facts regarding the existence of controlling shareholders in order to state **individual breach of fiduciary duty and fraud claims**. If Spot Investments owed fiduciary duties to Mr. Peddie,

3

1    Mr. Peddie must identify a legitimate legal basis and clearly allege facts that establish this.

*Id.* at 12:6-20 (emphasis added).  Therefore, Trustee's arguments related to the ownership of the claims at issue are based upon a false premise.

With regards to the specific claims for breach of fiduciary duty, constructive fraud and aiding and abetting the breach of fiduciary duty, Judge Hardy's August 2014 order was unambiguous.  The August 2014 order specifically addressed Trustee's argument regarding the claims being derivative, which they are not: "Spot and Spot Investments argue these claims should now be dismissed as **derivative claims** that cannot be brought by Mr. Peddie individually."  *See* **Exhibit 1** at 8:8-27 (emphasis added).  As indicated, Judge Hardy found that Mr. Peddie may bring these claims individually as direct claims.  *Id.* at 12:6-8.

Trustee also erroneously argues Mr. Peddie's state court action is a "derivative action" where "all claims in Mr. Peddie's Complaint (with the exception of the NRS 92A relief) are property of the Debtor's estate."  *See* Motion at 4:15-24.  Trustee goes even further and summarily concludes that "[t]his is confirmed by Judge Hardy's November 25, 2013 Order" and then asserts that Judge Hardy "specifically found that an action for breach of fiduciary duty or aiding and abetting a breach of fiduciary duty belongs to the corporation, that being Spot."  *See* Motion at 4:24-28.  As shown above, Judge Hardy found otherwise. *See above and* **Exhibit 1**.

Also, *Gentile v. Rossette,* 906 A.2d 91 (Del. 2006) teaches that certain corporate transactions can give rise to direct, as well as derivative, claims for breach of fiduciary duty against a controlling shareholder.  Specifically, *Gentile*-type direct claims arise when:

> a stockholder having majority or effective control causes the corporation to issue "excessive" shares of its stock in exchange for assets of the controlling stockholder that have a lesser value; and ... the exchange causes an increase in the percentage of the outstanding shares owned by the controlling stockholder, and a corresponding decrease in the share percentage owned by the public (minority) shareholders.

4

*Gentile,* 906 A.2d at 100. In other words, a derivative claim can also be a direct claim when a controlling shareholder "extract[s]" or "expropriat[es]" a minority shareholder's economic value and voting power. *Gentile,* 906 A.2d at 102.

The central question in *Gentile* was whether the minority shareholders could bring fiduciary duty claims directly. *Id.* at 96. *Gentile* held plaintiffs could bring direct claims because the transaction at issue had expropriated both economic value and voting power directly from the minority shareholders to the controlling shareholder. This exception to the rule against direct claims came as "the harm resulting from the overpayment [was] not confined to an equal dilution of the economic value and voting power of each of the corporation's outstanding shares," but that such harm also was, at least in part, individual in nature. *Id.* at 100.

The essential teaching of *Gentile* is that in situations where **a corporation** issues excessive shares to a controlling shareholder in exchange for an asset of lesser value, minority shareholders can bring **both** direct and derivative claims. *See also Cohen v. Mirage Resorts, Inc.,* 119 Nev. 1, 62 P.3d 720 (2003).

Also, Judge Hardy's August 2014 order is in stark contrast to his previous order where he stated as follows:

> All causes of action, with the exception of claims based on Mr. Peddie's right to payment for his shares as a dissenting owner, belong to Spot and therefore the bankruptcy trustee. Accordingly, the first cause of action for breach of fiduciary duty, the second cause of action for constructive fraud, the fourth cause of action for aiding and abetting the breach of fiduciary duty, the fifth cause of action for interference with prospective economic advantage and the sixth cause of action for unjust enrichment are stayed as property of the estate…
> Under Nevada law, a cause of action for breach of fiduciary duty or aiding and abetting a breach of fiduciary duty belongs to the corporation…
> Therefore, the causes of action based on breach of fiduciary duty belong to Spot and are subject to the automatic stay.

5

*See* **Exhibit 2**, 2013-1125 Order Addressing Motions for Stay at 4:18-24. Judge Hardy's August 2014 order clarifies that Mr. Peddie may individually own several direct claims that Judge Hardy previously stated where owned solely by the estate.

Unlike the August 2014 order, Judge Hardy's November 2013 order did not address *Gentile* and *Cohen*, or related cases and statutes, which allow Mr. Peddie to bring individual and direct claims for breach of fiduciary duty, constructive fraud, and aiding and abetting breach of fiduciary duty. *See* **Exhibit 1**, 2014-0804 Order Addressing Motions to Dismiss ("Mr. Peddie **may individually bring claims for breach of fiduciary duty, constructive fraud, and aiding and abetting breach of fiduciary duty to seek relief for the wrongful dilution of his ownership interest in Spot**."); **Exhibit 2**.

Second, even if Judge Hardy did not hand down the August 2014 order, Mr. Peddie would have appealed the November 2013 order at the appropriate time. The state court action is still ongoing and Mr. Peddie may still appeal all issues in the case after trial. Moreover, the fact that Judge Hardy now states that Mr. Peddie does in fact have the ability to bring individual and direct claims based upon fraud and breach fiduciary duty, and that any such order to the contrary is still appealable, flies in the face of the Trustee's argument that the November 2013 order "was final and has not been appealed." In short, Trustee's arguments are not based on the record, the applicable law or the applicable rules of procedure.

Third, Trustee's attempt to extinguish rights that do not belong to the estate is improper. Trustee states he is trying to "extinguish any claim Mr. Peddie could bring that has any derivative characteristics." *See* Motion at 2:23-24. However, as shown above, Trustee is trying to extinguish claims that are individually owned by Mr. Peddie.

Trustee's attempt to "extinguish any claim Mr. Peddie could bring that has any derivative characteristics" is based upon a false premise and should be denied outright.

\\\

6

### III. Timm Peddie Will Be Prejudiced By The Proposed Compromise

The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. *Matter of Walsh*, 669 F.2d at 1328 (*citing In re California Associated Products Co.*, 183 F.2d 946, 949–50 (9th Cir.1950)). As explained in his August 2014 order, Judge Hardy has found Mr. Peddie may bring individual and direct claims based upon alter ego, fraud, and breach of fiduciary duty, along with claims as a dissenting shareholder under NRS 92A et seq. *See* **Exhibit 1**. Thus, Mr. Peddie's individual claims survive and as a matter of law are not dubious.

Trustee cannot settle claims owned by Mr. Peddie. It goes without saying that settling claims belonging to Mr. Peddie, and not the estate, falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972). In light of the fact that the estate does not own the individual claims it is trying to compromise, the proposed settlement cannot be negotiated in good faith and is unreasonable, unfair, inequitable and highly prejudicial to Mr. Peddie.

### IV. Trustee Provides No Basis For The Proposed $80,000

Trustee baldly asserts that the settlement of $80,000 is fair and reasonable. Trustee does not state how that number is reasonable.

Mr. Peddie's proof of claim states his claim is worth $2 million. Trustee has not explained how settling Mr. Peddie's claims for a small fraction of the value of the claims at issue would be fair or reasonable. The reason is clear. The proposed $80,000 settlement is not fair or reasonable and should be denied.

### V. The A&C Factors Weigh Against The Proposed Settlement

Trustee points to the factors pointed out in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied* 479 U.S. 854 (1986) for the Court's

7

consideration in determining whether a proposed settlement is reasonable, fair and equitable, which factors are as follows:

>    (a) the probability of success in litigation;
>    (b) the difficulties, if any, to be encountered in the matter of collection;
>    (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it;
>    (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*See In re A & C Properties*, 784 F.2d at 1381.

Trustee makes no effort to address these factors in any substantive way. He merely concludes Mr. Peddie's claims are owned by the debtor (which is false) and that the business judgment rule insulates Haws, Spot, Spot Investments, John Pettibone and the shareholders and directors at issue (without any analysis therefore). *See* Motion at 6:24-7:2. On the other hand, there is an abundance of evidence that will be provided at trial in the state court action showing the business judgment rule will provide no protection to Haws, Spot, Spot Investments, Pettibone or the other defendants.

Moreover, Mr. Peddie's claims are owned by him individually; his probability of success is high considering the facts and evidence at issue; there will be no difficulties in collecting as Haws and Spot Investments and the other defendants are liable for the claims and attendant damages at issue and they, aside from Spot Holdings, are solvent and able to pay any judgment arising from the state court action; the litigation will be hard fought but simple as Mr. Peddie only needs to prove his claims with the evidence that already exists and will be produced by defendants in the state court action and only an expert needs to testify relating to the fair value of Mr. Peddie's shares at the time in question; all creditors of the estate would benefit as they would be entitled to the benefits of having Haws and the other defendants on the hook for the debts and liabilities incurred by the so called debtor, which is the alter ego of Haws and the other state court defendants (which factor is supposed to be paramount).

8

## **CONCLUSION**

Trustee's motion to approve compromise must be denied because the settlement falls below the lowest point in the range of reasonableness for all arguments and is therefore not fair and equitable. Additionally, Mr. Peddie's claims are not owned by the estate and are owned by him individually. Trustee's attempts to extinguish his individual claims is improper in light of Judge Hardy's orders. Any compromise at this point in time would injure Mr. Peddie's and the other creditor's interest as well.

Dated this 19th day of December, 2014.                    WATSON ROUNDS, PC

/s/ Adam P. McMillen
Adam P. McMillen, Esq.
Nevada Bar No. 10678
5371 Kietzke Lane
Reno, Nevada 89511
Facsimile: (775) 333-8171
*Attorneys for Timm Peddie*

9

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of WATSON ROUNDS, P.C., and on this 19th day of December, 2014, I served the document entitled **OPPOSITION TO MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF ESTATE CLAIMS (HAWS CORPORATION, INC.)** on the parties listed below via the following:

| | |
|---|---|
| Jeffrey L. Hartman, Esquire<br>Hartman & Hartman<br>510 West Plumb Lane, Suite B<br>Reno, NV  89509<br>Email:  jlh@bankruptcyreno.com<br>Fax:    (775) 324-1818<br>*Attorney for Debtor* | W. Donald Gieseke<br>18124 Wedge Parkway, Suite 518<br>Reno, NV  89511<br>Email: wdg@renotrustee.com<br>Fax:    (775) 562-8181<br>*Bankruptcy Trustee* |
| Stephen R. Harris, Esquire<br>Harris Law<br>6151 Lakeside Drive<br>Reno, NV   89511<br>Email:  steve@harrislawreno.com<br>Fax:    (775) 786-7764<br>*Attorney for Bankruptcy Trustee* | |
| J. Robert Smith, Esquire<br>Tamara Reid, Esquire<br>Holland & Hart LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, NV  89511<br>Email:  jrsmith@hollandhart.com<br>          treid@hollandhart.com<br>Fax:  (775) 786-6179<br>Attorneys for Defendants<br>HAWS CORPORATION and JOHN PETTIBONE | Robert A. Dotson, Esquire<br>Angela M. Bader, Esquire<br>Laxalt & Nomura, Ltd.<br>9600 Gateway Drive<br>Reno, NV  89521<br>Email:  rdotson@laxalt-nomura.com<br>          abader@laxalt-nomura.com<br>Fax:    (775) 322-1865<br>Attorneys for Defendants<br>SPOT DEVICES, INC. and SPOT INVESTMENTS, LLC |

☒    **VIA FIRST CLASS U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Reno, Nevada for delivery to the foregoing.

                                              /s/ Jeff Tillison<br>
                                             Employee of Watson Rounds