STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
Telephone (775) 786-7600
E-Mail steve@harrislawreno.com
Attorneys for Plaintiff/Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\*\*\*

IN RE

SPOT HOLDINGS, INC., fdba SPOT DEVICES, INC.,

    Debtor.
_____

W. DONALD GIESEKE, Trustee of the bankrupt estate of SPOT HOLDINGS, INC., fdba SPOT DEVICES, INC.,

    Plaintiff,

vs.

TIMM PEDDIE, an individual

    Defendant.
_____/

BK-N- 13-51731-btb
CHAPTER 7

Adv. No. 15-

**ADVERSARY COMPLAINT FOR SUBORDINATION OF CLAIM PURSUANT TO 11 U.S.C. §510(b)**

    Plaintiff/Trustee W. DONALD GIESEKE ("Plaintiff"), Trustee for the Chapter 7 bankrupt estate of SPOT HOLDINGS, INC., fdba SPOT DEVICES, INC., a Nevada corporation ("Spot"), by and through his attorney STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC, hereby complains and alleges against Defendant TIMM PEDDIE, an individual ("Defendant Peddie"), as follows:

1

I.

## JURISDICTIONAL STATEMENT

1.  Plaintiff is the duly appointed Trustee for the bankrupt estate of SPOT HOLDINGS, INC., fdba SPOT DEVICES, INC., in the above-captioned case under Chapter 7 of the United States Bankruptcy Code. SPOT HOLDINGS, INC., fdba SPOT DEVICES, INC., filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 29, 2013, and concurrently therewith, the Court appointed W. Donald Gieseke, as Trustee.

2.  Defendant Peddie is an individual, and he is a purported general unsecured creditor of the Debtor.

3.  This Court has jurisdiction over this Adversary Proceeding and to grant the relief requested herein pursuant to 28 U.S.C. §157(b)(2)(B) and (O), 28 U.S.C. §1334, and Federal Rule of Bankruptcy Procedure 7001, together with the ORDER OF REFERENCE OF BANKRUPTCY CASES AND PROCEEDINGS of the United States District Court for the District of Nevada.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1409.

5.  In accordance with LR 7008.1(a), Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court.

II.

## GENERAL ALLEGATIONS

6.  Plaintiff realleges and incorporates herein by this reference, the allegations of the preceding paragraphs 1 through 5, as though fully set forth herein.

7.  On January 14, 2004, Defendant Peddie filed articles of incorporation with the Nevada Secretary of State for Spot Devices, Inc., listing 20,000,000 shares of common stock.

8.  Defendant Peddie was the CEO and founder of Spot Devices, Inc. from 2002 to 2004. He was a member of the board of directors of Spot Devices, Inc. from 2002 to 2012. Defendant Peddie originally owned 100% of Spot Devices' common stock.

9.  On or about 2005, Haws Corporation, Spot Investments, LLC, and John Pettibone became investors in Spot Devices, Inc., and at that time, Defendant Peddie's

1 percentage of stock holdings went to approximately 28%.

2     10.    In 2011, Haws Corporation, Spot Investments, LLC, and John Pettibone used a third-party to value Spot Devices, Inc.

    11.    The 2011 third party valuation listed Spot Devices, Inc.'s value at $1,500,000.00.

    12.    Immediately before the 2011 revaluation of Spot, Defendant Peddie held approximately 17% of Spot Devices, Inc.'s common stock. After the revaluation, Defendant Peddie held about 3% of the common stock.

    13.    On or about July 2, 2013, Defendant Peddie filed a lawsuit in the Second Judicial District Court of the State of Nevada under the caption *Timm Peddie v. Spot Devices, et. al.* CV 13-01446 ("State Court Action").

    14.    Defendant Peddie's State Court Action contained the following claims for relief: Breach of Fiduciary Duty; Constructive Fraud; Declaratory Judgment as to NRS 92A; Aiding and abetting the breach of fiduciary duty; Interference with prospective economic advantage; Unjust enrichment; and permanent injunction regarding NRS 92A.

    15.    On November 20, 2013, Defendant Peddie filed a proof of claim in the amount of $2,019,291.78 (Claim No. 3-1).

    16.    On August 30, 2013, Haws Corporation filed a Motion to Stay the State Court Action.

    17.    On November 25, 2013, the District Court issued an Order which stayed all of Defendant Peddie's claims, except for Declaratory Judgment, pursuant to NRS 92A, and the permanent injunction regarding NRS 92A. The District Court found that all other claims were derivative in nature.

    18.    On December 16, 2014, the Trustee filed a motion to approve the settlement of the derivative claims in the State Court Action with Haws Corporation (DE 92).

    19.    On December 19, 2014, Defendant Peddie filed an opposition to the Trustee's motion to approve the settlement with Haws Corporation (DE 97).

    20.    On January 28, 2015, this Court entered an order approving the Trustee's motion (DE 100) and Haws purchased all derivative claims in the State Court Action from the Trustee.

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

## FIRST CLAIM FOR RELIEF

### Mandatory Subordination (11 U.S.C. §510(b))

21. Plaintiff realleges and incorporates herein by this reference, the allegations of the preceding paragraphs 1 through 20, as though fully set forth herein.

22. All of Defendant Peddie's remaining claims in the State Court Action are direct claims that arise from the purchase or sale of a security of the Debtor.

23. All of Defendant Peddie's remaining claims that are reflected in his November 20, 2013 proof of claim arise from the purchase or sale of a security of the Debtor.

24. 11 U.S.C § 510(b) states:
"(b) For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock."

The Proof of Claim filed by Defendant Peddie and all other claims of Defendant Peddie arising from the purchase or sale of Spot securities, shall be subordinated to all allowed claims or interest of the estate that are senior to or equal to the claim or interest represented by such security pursuant to § 510(b).

25. The Trustee is entitled to a declaratory judgment that Defendant Peddie's claims be subordinated to all other allowed estate claims or interests of the estate that are senior to or equal to the claim of interest by Defendant Peddie.

WHEREFORE, Plaintiff W. DONALD GIESEKE, Trustee of the bankrupt estate of SPOT HOLDINGS, INC., fdba SPOT DEVICES, INC., prays for judgment against Defendant Peddie as follows:

1. For a declaratory judgment that Defendant Peddie's Proof of Claim be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security;

2. For an award of Plaintiff's reasonable attorneys' fees and costs incurred herein;

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

1  and

2      3.    For such other and further relief as this Court may deem just and proper in the

3  premises.

4      DATED this 25th day of November, 2015.

                                              STEPHEN R. HARRIS, ESQ.
                                              HARRIS LAW PRACTICE LLC
                                              6151 Lakeside Drive, Suite 2100
                                              Reno, Nevada  89511

                                              /s/ Stephen R. Harris
                                              Attorneys for Plaintiff/Trustee

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600