STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorneys for Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

\* \* \* \* \*

IN RE:

SPOT HOLDINGS, INC, fdba SPOT DEVICES, INC.,

　　　　　　Debtor.

_____/

Case No. 13-51731-btb

(Chapter 7)

**REPLY TO LIMITED OPPOSITION TO MOTION FOR ORDER APPROVING TRUSTEE'S COMPROMISE AND SETTLEMENT OF CLAIMS WITH HAWS CORPORATION PURSUANT TO FRBP 9019**

Hearing Date: October 3, 2017
Hearing Time: 2:00 p.m.

　　　　W. DONALD GIESEKE ("Trustee"), Trustee of the Chapter 7 bankrupt estate of SPOT HOLDINGS, INC., fdba SPOT DEVICES, INC. ("Debtor"), by and through his attorney, STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, hereby files his Reply to the LIMITED OPPOSITION TO MOTION FOR ORDER APPROVING TRUSTEE'S COMPROMISE AND SETTLEMENT OF CLAIMS WITH HAWS CORPORATION PURSUANT TO FRBP 9019 [Docket No. 192] ("Opposition"), filed herein by TIMM PEDDIE ("Peddie"), by and through his attorney, ADAM MCMILLEN, ESQ. of BROWNSTEIN HYATT FARBER SCHRECK, LLP., and states and alleges as follows:

　　　　1.　　Peddie alleges in his Opposition that the A&C factors do not favor proposed settlement with Haws Corporation ("Haws"). However, the proposed settlement with Haws

1

would allow the Trustee to pay 100% of all allowed administrative and priority claims and a settled distribution of all unsecured claims, without the cost and risk of litigation. Peddie's claim has been subordinated to all other allowed creditors because his claim arose from the purchase or sale of a security. Peddie argues that Haws' claim is similarly situated to his and that the Trustee should incur the expense and risk of litigating with Haws.

2. To achieve the result that Peddie seeks, the Trustee would have to successfully avoid Haw's pre-petition security interest in the Carmanah stock (a position strongly disputed by Haws), and further obtain declaratory relief from the Court determining that Haws' claim arose from the purchase and sale of securities rather than from the various loans, totaling well over $4 million, made by Haws to the Debtor. Contrary to Peddie's assertions in his Opposition, the litigation would be time consuming, expensive and complex and the administrative, priority and unsecured creditors would bear the risk of any negative outcome if the Trustee was not successful. The Trustee has experience with avoidance litigation and it is never simple. Peddie admits in his Reply that Haws is a sophisticated entity, and as such, it can be expected to vigorously defend itself in the litigation. Furthermore, there would be no additional benefit to the administrative, priority and unsecured creditors if the Trustee litigates with Haws instead of entering into the proposed compromise with Haws. Ironically, Peddie believes the Trustee should risk the uncertainty of litigation at the expense of all of the other creditors of the estate.

3. The Trustee has weighed the risk that is inherent to the litigation, and he has determined that his duty to maximize the estate for the benefit of the unsecured creditors is best served by entering into the proposed settlement with Haws which will guarantee payment in full to allowed administrative and priority claims and a settled distribution to unsecured creditors. Peddie, who has an allowed equity interest in the Debtor's estate, is not likely to receive any meaningful distribution from the estate even if the Trustee were to succeed in avoiding Haws' security interest in the stock as that is only one condition Peddie needs a favorable resolution of in order to get a distribution from the estate. The Trustee would also need to demonstrate that Haws did not have a general unsecured claim for the millions of dollars it put into the Debtor.

4.  Peddie alleges in his Opposition that the proposed compromise with Haws should not be approved because the Trustee believes the claims in his Complaint are meritorious. However, the law favors compromise and not litigation for its own sake. In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986), *citing* In re Blair, 538 F.2d, 851 (9th Cir. 1976). Moreover, while creditors' objections to a compromise must be afforded due deference, such objections are not controlling. In re A&C Properties, 784 at 1382, *citing*, In re Transcontinental Energy, 764 F.2d 1296, 1299 (9th Cir. 1985); accord, In re Hallet, 33 B.R. 565, 565-66 (Bankr. D. Me. 1983); In re The General Store of Beverly Hills, 11 B.R. 539, 541 (9th Cir. BAP 1981). While the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the bankrupt estate. Id.

5.  The Trustee's Motion sets forth an analysis of the various A&C factors that the Court must consider in approving the proposed compromise which would result in payment in full to allowed administrative, priority and unsecured creditors. Peddie believes that the Trustee should incur the expense and delay of litigation while risking the possibility that no payment would be made to creditors if the Trustee does not prevail in the litigation. Haws has filed a secured Proof of Claim in the amount of $4,054,439.22, which purportedly encumbers the estate's interest in the 222,222 shares of Carmanah stock. Based on the current trading price of the Carmanah stock, and an offer by Carmanah to repurchase some or all of its stock at $5.00 Canadian per share, the highest value at this time for the stock is $1,111,110 Canadian. Clearly that sum of money would not suffice to pay off even 25% of Haws' secured claim, and consideration of the A&C factors strongly favors approval of this Motion.

Based on the foregoing, the Trustee respectfully requests that the Court enter its Order approving the proposed compromise and settlement with Haws, and further determining that the compromise and settlement is fair and reasonable under the circumstances and in the best interest of the bankrupt estate.

///

///

DATED this 26th day of September, 2017.

HARRIS LAW PRACTICE LLC
STEPHEN R. HARRIS, ESQ.

*/s/ Stephen R. Harris*
_____
Attorneys for Trustee